Mr. Scott E. Bennett Director of Highways and Transportation Arkansas State Highway Commission Post Office Box 2261 Little Rock, Arkansas 72203-2261
Dear Mr. Bennett:
You have requested my opinion on whether your provisional decision to withhold certain records under the Arkansas Freedom of Information Act ("FOIA") is consistent with that act. The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2011), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office regarding the custodian's decision with respect to the release of such records. You enclosed the documents in question, including the FOIA request that was submitted to your office in which the requester seeks access to any citizen complaints lodged against a certain Highways and Transportation Department ("Department") official within the past six months.[1] You state that the Department has not released the records because the custodian determined that they "fell within the exemptions in A.C.A. § 25-19-105(b)(12) [in] that a disclosure consisting of a gross misidentification would constitute a clearly unwarranted invasion of personal privacy, and, A.C.A. § 25-19-105(c)(1) where there was no final administrative resolution of any suspension or termination proceeding. . . ." *Page 2 
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. In my opinion, your decision with respect to two of the records is not consistent with the FOIA. This office has long held that unsolicited complaints against public officials or employees are personnel records. Such records are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." In my opinion, the complaint-which consists of two letters of the same date-must be released under this standard. The custodian has expressed the view that this standard requires the records be withheld because the allegations were determined to be unfounded. But as explained below, previous opinions of this office have addressed this situation and concluded that this result can be tempered by the fact that the officer or employee has access to the exonerating documents and is free to release them to the public.
DISCUSSION
The FOIA provides for the disclosure upon request of certain "public records," which the act defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[2]
Given that the documents in question are kept by the Department and the subject matter involves the alleged performance or lack of performance of a public official in his interactions with the public, I believe they clearly constitute "public records" under this definition.[3] *Page 3 
Consequently, the records must be released unless some exemption shields them from disclosure. The potential exemptions in this instance are the ones for "personnel records"[4] and "employee evaluation or job performance records."[5] With regard to the complaint, this office has long held that unsolicited complaints concerning public officials or employees are personnel records:
 [C]omplaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos. 2001-028, 2000-058, 2000-231. This classification is in contrast to the classification of documents that are generated by an employer as a part of an investigation into the conduct of an employee, which I have held to constitute employee evaluation/job performance records. I have consistently opined that an unsolicited complaint about an employee does not constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such records. See
A.C.A. § 25-19-105(c)(1); Op. Att'y Gen. Nos. 2000-175, 2000-166, 99-026. . . . Rather, an unsolicited complaint document . . . must be evaluated under the standard for the release of personnel records.[6]
As I further stated in the foregoing opinion, the rationale for the employee evaluation exemption does not encompass unsolicited complaints:
 Unsolicited citizen complaints are not created by the employer to evaluate job performance. They thus do not come within the rationale behind the A.C.A. § 25-19-105(c)(1) exemption for "employee evaluation or job performance records," which is to allow supervisors to be candid in assessing employee performance and to identify weaknesses with an eye toward fostering improvement. See, e.g., Op. Att'y Gen. 2006-007, citing Op. Att'y Gen. 2005-074 and Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press).[7] *Page 4 
Thus, for example, one of my predecessors concluded that an unsolicited memorandum or "grievance" written by a police officer against the police chief and delivered to the mayor was properly characterized as a "personnel record" for purposes of the FOIA.[8]
In my opinion, therefore, the personnel records provision is the applicable exemption to consider in connection with the complaint in this case. The complaint consists of the two letters of the same date, which, taken together, reflect the substance of the allegations.
Personnel-records exception
"Personnel records" are open to public inspection and copying under the FOIA except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[9]
While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has construed it and adopted a balancing test to determine if it applies.[10] The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private.[11] The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the Arkansas Supreme Court elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest.[12]
If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[13] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the *Page 5 
circumstances, his privacy interests outweigh the public's interests.[14] Additionally, as the court noted in Young,supra, note 10:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. . . . Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.[15]
The first step in the analysis is thus to identify the existence or level of any privacy interest in the documents. If a privacy interest is implicated, the level of the public's interest in the records must be gauged. The Arkansas Supreme Court has indicated that the public interest is measured by "the extent to which disclosure of the information sought would `shed light on an agency's performance of its statutory duties' or otherwise let citizens know `what their government is up to.'"[16] As noted above, if the public interest in this regard is substantial, it will usually outweigh any privacy interest. If there is "little relevant public interest," a "not insubstantial" privacy interest is necessary to shield the records.[17]
After reviewing the complaint in the present case, I believe the balance of interests favors disclosure. A privacy interest can certainly be implicated by the contents of a citizen complaint.[18] But the mere fact that allegations are determined to be unsubstantiated does not, standing alone, give rise to a privacy interest sufficient to outweigh the public interest, in my opinion. The complaint in question contains serious allegations concerning the actions of a senior public official in his interactions with a member of the public. Such allegations are of paramount public concern. It is my opinion that the substantial public interest in the complaint outweighs any claim of privacy based on the complaint's veracity. *Page 6 
There is no basis for withholding a citizen complaint pending an investigation. Nor, in my opinion, is there an exemption for an unfounded complaint. In addressing similar situations, my predecessors and I have explained that the subject of the records can make mitigating information available to the public in order to address what might otherwise seem to be an unfair outcome:
 I recognize that if the complaints are unfounded and some of the documents that are not subject to release would reflect this fact, [19] the result of holding the complaint documents subject to disclosure, while not disclosing the exonerating documents may seem to be an unfair. In this regard, however, I note that this result can be tempered by the fact that the employee has access to the exonerating documents, see
A.C.A. § 25-19-105(c)(2), and is free to release them to the public. See Op. Att'y Gen. No. 1996-257.[20]
Employee-evaluation exception
One of the documents enclosed with your request reports the results of the investigation. In my opinion, this constitutes an "employee evaluation or job performance record." The FOIA does not define this phrase, but this office has consistently opined that it refers to records that were created by (or at the behest of) the employer that detail the employee's performance or lack of performance on the job.[21] It includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[22] It also includes documents that summarize the results of such investigations.[23] If a document meets this definition, it cannot be released unless all of the following elements are met:
 1. The employee was suspended or terminated (i.e., level of discipline); *Page 7 
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[24]
In the present case, the official was neither suspended nor terminated. Therefore, the threshold level-of-discipline element for the release of employee evaluation or job performance records has not been met. Your decision to withhold the record summarizing the results of the investigation is therefore consistent with the FOIA, in my opinion.
To summarize, it is my opinion that the custodian's decision to withhold the complaint-which consists of two letters of the same date-is mistaken. But the decision to withhold the record that summarizes the results of the investigation is consistent with the FOIA. I reiterate regarding the latter record that the subject of the investigation has access to his own personnel or evaluation records[25] and is free to publicize exonerating investigation documents.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM/EAW:cyh
[1] You identify the documents as falling within the scope of the FOIA request, but I note that two appear to be law enforcement records that are outside the scope of my review under subsection 25-19-105(c)(3)(B)(i). As noted, my review is limited to personnel, employee evaluation, or job performance records. This opinion will therefore be limited to the latter records as discussed below.
[2] A.C.A. § 25-19-103(5(A) (Supp. 2011).
[3] Compare Op. Att'y Gen. Nos. 2010-109, 2008-064 (determining that complaint documents meet the FOIA's "public records" definition).
[4] A.C.A. § 25-19-105(b)(12) (Supp. 2011).
[5] Id. at (c)(1).
[6] Op. Att'y Gen. No. 2008-064, at 5.
[7] Id., at 6.
[8] Op. Att'y Gen. 2002-210.
[9] A.C.A. § 25-19-105(b)(12).
[10] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[11] Id.
[12] 308 Ark. at 598.
[13] Id.
[14] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998). The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g. Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[15] 308 Ark. at 598.
[16] Stilley, 332 Ark. at 312, citing Department ofDefense v. FLRA, 510 U.S. 487, 497 (1994).
[17] Id.
[18] See, e.g., Op. Att'y Gen. 2008-064.
[19] As explained in the discussion below regarding employee evaluation and job performance records, if an internal investigation does not merit suspension or termination, exonerating investigation documents will be exempt from disclosure.
[20] Op. Att'y Gen. 2001-123. See also Op. Att'y Gen. Nos. 2008-064, 2002-210, 98-001.
[21] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[22] Id.
[23] Op. Att'y Gen. 2008-078.
[24] A.C.A. § 25-19-105(c)(1) (Supp. 2011).
[25] A.C.A. § 25-19-105(c)(2) (25-19-105 ("Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.") *Page 1